**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4334**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

THOMAS JAVAN ELAM,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Anderson.  Donald C. Coggins, Jr., District Judge.  (8:18-cr-00679-DCC-1)

Submitted:  November 10, 2021                    Decided:  December 16, 2021

Before MOTZ, HARRIS, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Emily Deck Harrill, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.  Peter M. McCoy, Jr., United States Attorney, Columbia, South Carolina, Maxwell B. Cauthen, III, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas Javan Elam pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and the district court sentenced him to 47 months' imprisonment. On appeal, Elam argues that (1) the district court erred in denying his motion to suppress;[1] and (2) his conviction is invalid in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019). Finding no reversible error, we affirm.

We turn first to the district court's ruling on Elam's motion to suppress. "When reviewing a district court's ruling on a motion to suppress, this Court reviews conclusions of law de novo and underlying factual findings for clear error." *United States v. Fall*, 955 F.3d 363, 369-70 (4th Cir.) (alterations and internal quotation marks omitted), *cert. denied*, 141 S. Ct. 310 (2020). "If, as here, the district court denied the motion to suppress, this Court construes the evidence in the light most favorable to the government." *Id.* at 370 (alterations and internal quotation marks omitted). "Under this clear error standard, we will reverse the district court's finding only if we are left with the definite and firm conviction that a mistake has been committed." *United States v. Crawford*, 734 F.3d 339, 342 (4th Cir. 2013) (internal quotation marks omitted).

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "A traffic stop constitutes a 'seizure' under the Fourth Amendment and

---

[1] Elam's guilty plea was conditional on his right to appeal the district court's ruling on his motion to suppress.

is thus subject to a reasonableness requirement." *United States v. Williams*, 808 F.3d 238, 245 (4th Cir. 2015). Because a traffic stop bears closer resemblance to an investigative detention than a custodial arrest, we evaluate the legality of a traffic stop under the two-pronged inquiry announced in *Terry v. Ohio*, 392 U.S. 1 (1968). *Id.* Under this standard, we ask (1) whether the traffic stop was justified at its inception, and (2) "whether the officer's actions during the seizure were reasonably related in scope to the basis for the traffic stop." *Id.* (internal quotation marks omitted). A traffic stop is reasonable under the Fourth Amendment when "police have probable cause to believe that a traffic violation has occurred." *Whren v. United States*, 517 U.S. 806, 810 (1996); *see United States v. Bowman*, 884 F.3d 200, 209 (4th Cir. 2018).

At the suppression hearing, the arresting officer, Deputy Elijah Pierce, testified that he stopped Elam's vehicle after he observed Elam driving down the center of Fall Street. According to Pierce, Elam was violating S.C. Code § 56-5-1810(a), which provides that, absent limited exceptions, "[u]pon all roadways of sufficient width a vehicle shall be driven upon the right half of the roadway." Fall Street is a two-lane road, with no dividing line down the middle, that measures 16 feet across. On appeal, Elam claims that Pierce lacked probable cause to believe that his conduct violated S.C. Code § 56-5-1810(a) because Fall Street is not a roadway of "sufficient width."[2]

---

[2] Elam also claims that, without a dividing line, Pierce could not have known that Elam was driving in the center of the road. This argument is unpersuasive. Common sense dictates that—with or without lane markings—a person can see that a car is driving in the approximate center of a two-lane road, rather than on the right side.

The South Carolina Code does not define "sufficient width" in the context of § 56-5-1810, nor have any South Carolina appellate courts interpreted the phrase in this context. In finding that Fall Street was sufficiently wide, the district court relied on S.C. Code § 57-17-510, which is titled "Width of road" and provides, as relevant here, that "roadbed[s] shall not be less than sixteen feet wide, exclusive of side ditches, roots and other obstructions, unless otherwise ordered by the governing body of the county, and shall be posted with substantial mileposts." On appeal, Elam contests this determination on multiple grounds, including that (1) a "roadbed," as described in § 57-17-510, is not synonymous with a "roadway," as described in § 56-5-1810; (2) even if § 57-17-510 applies in this case, Fall Street was not "posted with substantial mileposts" and thus does not meet the definition of a proper roadbed; and (3) in a 2003 ordinance, the county in which Fall Street sits established a minimum roadway width of 22 feet for new "major local roads," Anderson County, S.C., Code of Ordinances, art. VI, div. 2, § 38-625 (2003), although preexisting roads are exempt from this requirement, Anderson County, S.C., Code of Ordinances, art. VI, div. 5, § 38-712.

We need not resolve this dispute. Regardless of the correct answer, we agree with the Government that, assuming this statute did not proscribe Elam's conduct, a reasonable officer could have concluded that it did. *See United States v. Flores-Granados*, 783 F.3d 487, 491 (4th Cir. 2015) (recognizing that we may "affirm on any ground appearing in the record, including theories not relied upon or rejected by the district court" (internal quotation marks omitted)). In *Heien v. North Carolina*, 574 U.S. 54, 57 (2014), the Supreme Court held that an objectively reasonable "mistake of law can . . . give rise to the

reasonable suspicion necessary to uphold [a] seizure under the Fourth Amendment." An officer's mistake of law may be objectively reasonable if the law is ambiguous, such that reasonable minds could differ on the interpretation, or if it has never been previously construed by the relevant courts. *Id.* at 67-68. This is the situation presented here. As in *Heien*, the statute at issue in this case is ambiguous, and South Carolina appellate courts have not interpreted the relevant phrase. Thus, assuming that Pierce made a mistake of law, we conclude that his mistake was reasonable.

We turn next to Elam's contention that his conviction must be vacated in light of *Rehaif* because neither the indictment, the factual basis in support of his guilty plea, nor the district court alerted him to the fact that, to secure a § 922(g) conviction, the Government was required to prove that Elam knew he belonged to a category of persons that was barred from possessing firearms. Because Elam did not raise this challenge in the district court, we review only for plain error. *Greer v. United States*, 141 S. Ct. 2090, 2096 (2021). For a defendant to prevail under this standard, we must find that "(1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Comer*, 5 F.4th 535, 548 (4th Cir. 2021) (internal quotation marks omitted).

"In felon-in-possession cases after *Rehaif*, the Government must prove not only that the defendant knew he possessed a firearm, but also that he knew he was a felon when he possessed the firearm." *Greer*, 141 S. Ct. at 2095 (emphasis omitted). However, for a defendant to establish that a *Rehaif* error affected his substantial rights, the defendant must "make[] a sufficient argument or representation on appeal that he would have presented

5

evidence at trial that he did not in fact know he was a felon." *Id.* at 2100. "When a defendant advances such an argument or representation on appeal, the [appellate] court must determine whether the defendant has carried the burden of showing a 'reasonable probability' that the outcome of the district court proceeding would have been different." *Id.*

When Elam possessed the firearm in the instant case, he had multiple prior felony convictions for which he had been sentenced to a year or more of imprisonment. Most notably, Elam was incarcerated from 2008 to 2016 on a South Carolina conviction for assault and battery with intent to kill. Elam was still on supervision in that case when he committed the instant offense. Elam has not disputed his prior convictions, nor has he argued that he did not know he was a convicted felon at the time of the instant offense. We therefore conclude that Elam's § 922(g) conviction remains valid because he has not carried the burden of showing a reasonable probability that he would not have pled guilty but for the *Rehaif* error.

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*